UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH JAY LUZIER, III,

    Plaintiff,

v.          Case No. 6:06-cv-839-Orl-31DAB

DANIEL OGDEN and BREVARD COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

_____

**ORDER**

This case is before the Court on the following matters:

1.    Plaintiff, an inmate of the Florida penal system proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to set forth his claim adequately, he will be required to submit an **amended complaint.**

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim."

Next, Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts."

Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation.

Further, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)). Plaintiff requests damages for "pain and suffering"; however, in order to obtain damages based on pain and suffering or emotional injury, 42 U.S.C. section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has held that the requisite physical injury needed to satisfy section 1997e and sustain damages must be more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.), *vacated by* 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part by*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001). Consequently, in order to obtain these types of damages, Plaintiff must allege more than *de minimis* damages.

Finally, Plaintiff must indicate the status of the charges for which he was arrested. For example, he should specify whether he was convicted of the charges, whether the charges remain pending, or whether the charges were dismissed.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new

form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>. Plaintiff shall amend his complaint as described above **within twenty (20) days** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice**.

      2.      Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2), filed June 21, 2006 is **DENIED** without prejudice. After the Court has reviewed Plaintiff's amended complaint, a determination will be made as to whether Plaintiff may proceed in forma pauperis.

      **DONE AND ORDERED** at Orlando, Florida, this 22nd day of June, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/22
Joseph Jay Luzier, III