UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH JAY LUZIER, III,

    Plaintiff,

v.                            CASE NO. 6:06-cv-839-Orl-31DAB

DANIEL OGDEN,

    Defendant.

## ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, a prisoner incarcerated at the Brevard County Jail and proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 6). Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)     Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)     seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous

or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990).

In the present case, Plaintiff alleges that Defendant Daniel Ogden, a detective with the Brevard County Sheriff's Department, stopped him while he was driving his vehicle. (Plaintiff's Amended Complaint at 8.) According to Plaintiff, at the time of the stop, he (Plaintiff) was on the phone with his attorney, but Defendant then "hung up the phone on the [attorney]." *Id*. at 9. Defendant next read Plaintiff his *Miranda* rights and began questioning Plaintiff about his possible involvement in a crime. *Id*. Plaintiff requested that the interview be terminated, but Defendant informed him that if he did not cooperate, "he would put Plaintiff away for the rest of [his] life." *Id*. Eventually, Plaintiff provided "incriminating statements which were not true regarding his alleged involvement, due to Defendant Odgen's threat." *Id*. Defendant arrested Plaintiff, and his criminal case remains pending in the state court. *Id*. Plaintiff seeks "actual damages, as well as punitive damages and monetary damages." *Id*. at 10.

The United States Supreme Court has held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

> . . . .
>
> . . . We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Heck v. Humphrey*, 512 U. S. 477, 486-90 (1994) (citations omitted) (footnotes omitted). "[T]hese concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge." *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir.), *cert. denied*, 519 U.S. 1041 (1996). Consequently, "a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." *Id.; see also Covington v. City of New York,* 171 F.3d 117, 124 (2nd Cir.) (finding that, "[i]n terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter."), *cert. denied*, 528 U.S. 946 (1999).

In the present case, a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction on Plaintiff's pending criminal charge, and it is not cognizable under section 1983. *Cf. Scheib v. Grand Rapids Sheriff's Department*, 25 F. App'x 276, 277 (6th Cir. 2001) (finding that the plaintiff's claims regarding involuntary confession and fabricated police reports are the types of claims that are raised during trial to exclude evidence and would obviously affect the validity of his conviction; therefore, under *Heck*, his section 1983 action is not cognizable until he can show that his conviction has been invalidated). Clearly, since Plaintiff's claim would necessarily imply the invalidity of a conviction in the pending criminal prosecution, such a claim does not accrue so long

3

as the potential for a judgment in the pending criminal prosecution continues to exist. *Id*. Hence, the instant claim is not cognizable under section 1983 and must be dismissed with prejudice.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 7, filed July 12, 2006) is **DENIED**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 17th day of July, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/17
Joseph Jay Luzier, III

---

[1] In *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995), the Eleventh Circuit affirmed the district court's dismissal of the case with prejudice since the cause of action was not ripe. *Accord Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).